## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**JAD KHORAKI**

    **Plaintiff,**

**v.**                                            **Case No.:**  3:22cv70

**CITY OF RICHMOND**
    Serve:     Haskell C. Brown, III
                  Interim City Attorney
                  900 East Broad Street, Suite 400
                  Richmond, VA

and

**DERRICK LONGORIA**
    Serve:     c/o Richmond Police Department
                  200 West Grace Street
                Richmond, VA 23220

and

**JAMIE BLACKMON**
    Serve:     c/o Commonwealth Attorney's Office
                400 North 9th Street,
              Richmond, VA 23219

and

**JOSEPHINE WALLACE,**

    **Defendants.**

## COMPLAINT

The Plaintiff, Jad Khoraki, by counsel, hereby alleges the following causes of action against Defendants the City of Richmond, Derrick Longoria, Jamie Blackmon, and Josephine Wallace:

## I. INTRODUCTION

1. This matter arises from the unlawful arrest and continued criminal prosecution of the Plaintiff, Jad Khoraki, (hereinafter "Dr. Khoraki" or "Plaintiff"), by Defendants Derrick Longoria (hereinafter "Detective Longoria") employed by the City of Richmond Police Department; and Jamie Blackmon, (hereinafter "DCA Blackmon") a Deputy Commonwealth's Attorney for the City of Richmond.

2. Plaintiff was arrested on two separate occasions on January 27, 2020 and February 6, 2020 at the direction of Det. Longoria for charges arising out of a completely fabricated report from Defendant, Josephine Wallace.

3. With no corroboration whatsoever, not only was Dr. Khoraki charged with serious misdemeanor and felony offenses, Defendants, without probable cause and with actual malice and reckless disregard for Plaintiff's rights, persisted in Plaintiff's prosecution despite having been presented with evidence that Wallace's allegations were fabricated and without merit.

4. On February 27, 2020 and March 10, 2020, all criminal charges against Dr. Khoraki were terminated favorably by *nolle prosequi* and dismissal.

## II. PARTIES

5. Plaintiff Jad Khoraki is a 30-year-old resident of Richmond, Virginia. At the time of his arrest, Dr. Khoraki was assisting in overseeing four federally funded projects at Virginia Commonwealth University's Trauma Center Research laboratory. Dr. Khoraki is a native of Syria and a naturalized United States Citizen.

2

6. Defendant, Derrick Longoria, is a natural person and a citizen of the Commonwealth of Virginia. At all relevant times, Detective Longoria was a Richmond City police officer employed by the City of Richmond. He is sued in his individual capacity.

7. Defendant, Jaime Blackmon, is a natural person and citizen of the Commonwealth of Virginia. She is a Deputy Commonwealth's Attorney for the City of Richmond and at all relevant times was employed by the Office of the Commonwealth's Attorney. She is sued in her individual capacity.

8. Defendant City of Richmond is a city operating under the laws of Commonwealth of Virginia. It maintains a police department, Richmond Police Department (RPD), which acts as its agent on all matters involving law enforcement in the city.

9. Defendant Josephine Wallace is the complainant of false accusations against Dr. Khoraki. She is a natural person and citizen of the Commonwealth of Virginia, residing in Chesterfield, Virginia. She is sued in her individual capacity.

### III. JURISDICTION

10. Jurisdiction exists in the case pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §§ 1983, and 28 U.S.C. §§ 1331, 1343. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. 1367 (a) because the state law claims are related to and forms the same case or controversy as Plaintiff's claims under 42 U.S.C. § 1983.

### IV. VENUE

11. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

12. Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because the events giving

rise to Plaintiff's claims occurred in the City of Richmond and Chesterfield County, Virginia, which is a territory within those assigned to the Richmond Division of the Eastern District of Virginia.

## V. FACTS

13. Dr. Khoraki and Defendant Josephine Wallace met on the social dating application Tinder and engaged in a brief casual relationship from March 2019 until it ended in December 2019.

14. Approximately a month after the relationship ended, beginning in January 2020, Ms. Wallace made a series of false reports to the Richmond Police Department, alleging various instances of stalking and assault.

15. Upon information and belief, Detective Longoria obtained warrants against Dr. Khoraki based solely on uncorroborated reports made Ms. Wallace.

16. On January 27, 2020, Dr. Khoraki was arrested on warrants obtained by Det. Longoria for misdemeanor assault and battery and stalking against Ms. Wallace alleged to have occurred in January 2020. For these charges, Dr. Khoraki was released on bond.

17. Apparently displeased with Dr. Khoraki's release, Ms. Wallace then contacted Detective Longoria to allege a series of more serious events that pre-dated the events for which he was originally arrested. On that occasion, Ms. Wallace alleged that Dr. Khoraki had assaulted her with a firearm back in September 2019, allegations not made in her initial complaint in January 2020.

18. The sequencing of events, combined with the selective disclosures of Ms. Wallace, should have prompted a more cautious and skeptical approach and further investigation by Detective Longoria. Instead, a second set of warrants was issued.

19. On February 6, 2020, Detective Longoria obtained warrants that alleged a felony charge of strangulation, brandishing a firearm, assault and battery, and stalking on the complainant. During this time, Ms. Wallace had also petitioned the Richmond General District Court for a protective order.

20. As a result, Dr. Khoraki was subsequently arrested for a second time on February 6, 2020. This time he was held without bond in the Richmond City Justice Center until February 20, 2020, whereupon he was released on bond under house arrest with an electronic monitor.

21. The cases were initially assigned to Deputy Commonwealth's Attorney Jaime Blackmon.

22. Dr. Khoraki consistently asserted his total innocence, engaging defense counsel immediately upon receiving notice of his initial set of charges. Upon investigation of the case, defense counsel quickly determined that Ms. Wallace had a history of making false allegations. Specifically, she had made identical false allegations against another man previously in Chesterfield County resulting in a false rape charge which was subsequently dismissed and expunged.

23. Defense counsel communicated with Chesterfield County Assistant Commonwealth's Attorney Erin Barr and Detective King, who immediately provided information on Ms. Wallace's history of false allegations and agreed to confer with Detective Longoria and DCA Blackmon.

24. As early as February 12, 2020, defense counsel advised Defendants Blackmon and Longoria that the allegations were fabricated and provided documentation from Chesterfield Police Detectives corroborating Ms. Wallace's penchant for making false claims.

25. The documentation provided mirrored the allegations against Dr. Khoraki in such similar fashion that the Chesterfield victim of Ms. Wallace met her on a social dating site as well.

26. Despite these efforts by defense counsel, Det. Longoria did not respond to further attempts at communication. DCA Blackmon insisted that Dr. Khoraki continue to be held without bond and even stated in court on February 20, 2020 that additional charges may be forthcoming.

27. On February 20, 2020, defense counsel presented the aforementioned evidence at a bond appeal hearing in Richmond Circuit Court, whereupon Dr. Khoraki was released on bond over the objection of DCA Blackmon.

28. Despite his release after spending (2) two weeks in jail, Dr. Khoraki remained on an ankle monitor until March 10, 2020.

29. The case was subsequently transferred to another Assistant Commonwealth's Attorney, who agreed to nolle prosequi the case.

30. On February 27, 2020 the Manchester Division of the Richmond General District Court, upon the Commonwealth's motion, finally dismissed by nolle prosequi the charges against Dr. Khoraki. The remaining charges, along with the preliminary protective order, were dismissed by the Richmond General District Court on March 10, 2020.

31. The false accusations, arrest, and incarceration traumatized Dr. Khoraki, causing irreparable harm to his personal and professional life. Dr. Khoraki suffered humiliation when police officers contacted his employer, arrested him at a friend's residence, and charged him with serious violent felonies. Since his arrest, Dr. Khoraki has been treated differently by his employer

and colleagues. Dr. Khoraki suffered extreme emotional distress during his wrongful arrest and incarceration. He incurred legal fees and professional and personal damage to his reputation. To date, he requires therapy and suffers from nightmares, flashbacks, extreme stress and fear.

32. Dr. Khoraki now sues Detective Longoria, Deputy Commonwealth's Attorney Blackmon, the City of Richmond, and Josephine Wallace for damages that he has incurred as a result of his malicious prosecution. This case arises out of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

VI. **STATEMENT OF CLAIMS**

### COUNT I (Longoria and Blackmon)
### Malicious Prosecution (42 U.S.C. § 1983)

33. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

34. At all material times, Det. Longoria and DCA Blackmon acted under the color of state law as an officer of the City of Richmond Police Department and Deputy Commonwealth's Attorney for the Richmond Commonwealth's Attorney's Office respectively.

35. Dr. Khoraki has a right against unreasonable seizures under the Fourth Amendment of the Constitution of the United States

36. Det. Longoria instituted criminal proceedings against Dr. Khoraki by swearing out a criminal complaint on January 27, 2020 and presenting such criminal complaint to the Richmond City Magistrate.

37. Pursuant to Det. Longoria's criminal complaint and presentation, the Richmond City Magistrate issued misdemeanor arrest warrants for stalking, assault and battery of Defendant Josephine Wallace for events allegedly occurring in January 2020. Both offenses class 1 misdemeanors punishable by a maximum term of incarceration for (12) months.

38. Upon information and belief, Det. Longoria did nothing to corroborate the allegations of Ms. Wallace.

39. As a result of the intentional and reckless actions of Det. Longoria, Dr. Khoraki was unlawfully seized and arrested in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process that was not support by probable cause.

40. Dr. Khoraki was released on bond after he was fingerprinted and processed.

41. On or before February 6, Det. Longoria was contacted by Ms. Wallace and advised of series of more serious allegations that pre-dated the events for which Dr. Khoraki was arrested on January 27, 2020.

42. Upon information and belief, after consulting with DCA Blackmon, Det. Longoria instituted criminal proceedings against Dr. Khoraki by swearing out a second criminal complaint on February 6, 2020, and presenting such criminal complaint to the Richmond City Magistrate.

43. Pursuant to Det. Longoria's second criminal complaint and presentation, the Richmond City Magistrate issued a felony arrest warrant for strangulation, misdemeanor assault and battery, and brandishing a firearm.

44. As a result, Dr. Khoraki was re-arrested on February 6, 2020, and held without bond until a bond appeal hearing on February 20, 2020.

45. Det. Longoria acted recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki in pursuing a second set of criminal charges against Dr. Khoraki

46. DCA Blackmon, likewise, acted recklessly , with actual malice, and with a conscious disregard to the rights of Dr. Khoraki in pursuing additional criminal charges against Dr. Khoraki.

47. The facts and circumstances known to Det. Longoria and DCA Blackmon, on which they acted, at time the second set of charges were presented to the Richmond City Magistrate were such that a reasonable and prudent person acting on the same facts and circumstances would not have believed Dr. Khoraki guilty.

48. As a result of the intentional and reckless actions of Det. Longoria and DCA Blackmon, Dr. Khoraki was unlawfully seized, arrested, and jailed in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process that was not supported by probable cause.

49. That after being presented with information to corroborate the false nature of Ms. Wallace's claims, Det. Longoria failed to respond to calls and emails from another police agency and recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki, continued in his efforts to prosecute Dr. Khoraki.

50. Similarly, upon being presented with the same information, DCA Blackmon recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki, persisted in the continued detention and prosecution of Dr. Khoraki.

51. Thereafter, following the transfer of the file to another Assistant Commonwealth's Attorney, on February 27, 2020 the initial set of charges were dismissed by *nolle prosequi*, and the remaining charges were ultimately dismissed on March 20, 2020, ending the criminal proceedings in a manner favorable to Dr. Khoraki.

52. Due to the malicious prosecution of Dr. Khoraki, Dr. Khoraki's Fourth Amendment rights to be free from unlawful seizure and arrest were violated and he suffered great physical injury, emotional and mental distress, attorneys' fees and costs, inconvenience, loss of enjoyment of life, humiliation, embarrassment, mortification, shame, vilification, great personal trauma,

stress, fear, worry, facing the possibility of incarceration, loss of freedom and injury to his good name and reputation.

### Count II. (Wallace)
### State Law Claim
### Intentional Infliction of Emotional Distress

53. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

54. Ms. Wallace, with the specific purpose of inflicting emotional distress upon Dr. Khoraki, fabricated false allegations to cause his arrest, detention, and prosecution.

55. That after Dr. Khoraki was released on bond following the humiliation of his first arrest, Ms. Wallace contacted Det. Longoria and/or Richmond Police, and alleged additional false allegations, of a more serious nature, that pre-dated the allegations for which he was originally arrested.

56. Ms. Wallace knew, or should have known, that the false accusations would likely result in harm to the plaintiff in multiple and various ways, to include emotional distress.

57. Ms. Wallace's conduct was so outrageous and intolerable that it offended the generally accepted standards of decency and morality.

58. As a result of Ms. Wallace's false, malicious, and vindictive conduct, Dr. Khoraki was arrested, deprived of his freedom, prosecuted, and did in fact suffer severe emotional distress.

### Count III. (Wallace)
### State Law Claim
### Defamation

59. Plaintiff incorporates by reference and re-alleges the allegations set forth in the preceding paragraphs of the complaint as fully set forth herein.

10

60. By making false statements to Detective Longoria in order to impute to Dr. Khoraki the commission of several criminal offenses that involve moral turpitude with the intent to have Dr. Khoraki imprisoned, Ms. Wallace defamed Dr. Khoraki's character.

61. Ms. Wallace made such statements knowing they were false. Further such false statements caused harm to the Plaintiff's reputation in the community, amongst his employers and colleagues, and deterred others from associating with him.

62. Dr. Khoraki suffered emotional and mental distress, inconvenience, loss of enjoyment of life, humiliation, embarrassment, mortification, shame, vilification, great personal trauma, stress, fear, worry, loss of freedom, and injury to his good name and reputation.

### Count IV. (Longoria and Blackmon)
### State Law Claim
### Malicious Prosecution

63. Plaintiff incorporates by reference and re-alleges the allegations set forth in the preceding paragraphs of the complaint as fully set forth herein.

64. This is a common law claim for malicious prosecution under Virginia law.

65. Upon information and belief, on February 6, 2020, Detective Longoria sought a second set of warrants, more serious in nature, following consultation with DCA Blackmon.

66. These charges, felony strangulation, brandishing a firearm, assault, and stalking, pre-dated the offense upon which Dr. Khoraki was charged on January 27. 2020.

67. Upon information and belief, no one questioned Ms. Wallace as to why she failed to disclose these more serious accusations when she first contacted police in January instead of after Dr. Khoraki was released on bond following his arrest on the first set of warrants.

68. The first report alleged stalking and assault and battery in January 2020. The second report alleged strangulation, brandishing a firearm, and assault and battery in September 2019. Upon information and belief, neither report was investigated for corroborating evidence and warrants were obtained solely on Ms. Wallace's report.

69. Further, the second set of charges were levied after Dr. Khoraki was released on bond for the offenses presented to the magistrate that led to his arrest on January 27, 2020.

70. Det. Longoria and DCA Blackmon intentionally and maliciously instituted criminal prosecution, without probable cause, against Dr. Khoraki on February 6, 2020, in full possession of the facts asserted herein.

71. Further, after being presented with evidence that Ms. Wallace's allegations were fabricated, Det. Longoria refused to return calls or review the evidence provided. DCA Blackmon, possessed with the same evidence, refused to permit bond and persisted in prosecuting the case until it was transferred to another Assistant Commonwealth Attorney.

72. As a direct and proximate result of Defendant Longoria's and Defendant Blackmon's intentional, malicious, and reckless conduct, Dr. Khoraki suffered embarrassment and humiliation, loss of liberty, as well as mental and emotional distress.

### Count IV. (City of Richmond)
### Unconstitutional Custom, Practice Usage in Violation of the Fourth Amendment

73. Plaintiff incorporates by reference and re-alleges the allegations set forth in the preceding paragraphs of the complaint as fully set forth herein.

74. By failing to have proper procedures and failing to supervise Detective Longoria, allowing him to apply for a warrant without probable cause and with uncorroborated evidence, the City of Richmond engaged in a unconstitutional misconduct by its own agencies charged with enforcement of the law amounting to a City practice, custom, or usage of encouraging or at the

minimum tolerating and justifying unreasonable seizures without probable cause, thereby leading to the victimization of Dr. Khoraki in violation of Dr. Khoraki's Fourth Amendment rights.

## I. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, specifically, Defendant Longoria (Detective, Richmond City Police Department), Defendant Jamie Blackmon, Deputy Commonwealth's Attorney for the City of Richmond, and Defendant City of Richmond, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), or in such greater amount to be determined by trial, costs, pre-judgment and post-judgment interest, attorneys' fees (in connection with the federal civil rights claims), punitive damages in the amount of One Million ($1,000,000.00) and grant such other and further relief that the Court may deem appropriate. Plaintiff seeks judgment in his favor an against Defendant Josephine Wallace for her intentional behavior in the amount of Three Million Dollars ($3,000,000.00), or in such greater amount to be determined by trial, costs, prejudgment, and post-judgment interest.

**TRIAL BY JURY IS DEMANDED**

> Respectfully submitted,
> JAD KHORAKI
>
> /s/
>
> Thomas L. Johnson, Jr., VSB# 38814
> johnson@bajinjurylaw.com
> Christopher L. Anderson, VSB# 35173
> anderson@bajinjurylaw.com
> Bricker Anderson & Johnson, PC
> 411 East Franklin Street, Suite 504
> Richmond, VA 23219
> (804) 649-2304
> (804) 649-3380 Fax

Miriam Airington-Fisher, VSB #78260
mairington@airingtonlaw.com
Jennifer Quezada, VSB #93716
jquezada@airingtonlaw.com
Bianca White, VSB #93997
bwhite@airingtonlaw.com
Airington Law, PLLC
The Colonnade Building
4050 Innslake Drive, Suite 190
Glen Allen, Virginia 20360
Telephone: (804) 774-7117
Facsimile: (804) 597-5424

*Counsel for Plaintiff*