UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAD KHORAKI**

    **Plaintiff,**

v.	Case No.: **3:22-cv-00070**

**DERRICK LONGORIA**

**and**

**JAIME BLACKMON**

**and**

**JOSEPHINE WALLACE,**

    **Defendants.**

## AMENDED COMPLAINT

The Plaintiff, Jad Khoraki, by counsel, hereby alleges the following causes of action against Defendants Derrick Longoria, Jaime Blackmon, and Josephine Wallace:

### I. INTRODUCTION

1. This matter arises from the unlawful arrest and continued criminal prosecution of the Plaintiff, Jad Khoraki, (hereinafter "Dr. Khoraki" or "Plaintiff"), by Defendants Derrick Longoria (hereinafter "Detective Longoria") employed by the City of Richmond Police Department; and Jaime Blackmon, (hereinafter "DCA Blackmon") a Deputy Commonwealth's Attorney for the City of Richmond.

2.      Plaintiff was arrested on two separate occasions on January 26, 2020 and again on February 6, 2020 at the direction of Detective Longoria, for charges arising out of a completely fabricated reports from Defendant, Josephine Wallace.

3.      With no corroboration whatsoever, not only was Dr. Khoraki charged with serious misdemeanor and felony offenses, Defendants, without probable cause and with actual malice and reckless disregard for Plaintiff's rights, persisted in Plaintiff's prosecution despite having been presented with evidence that Wallace's allegations were fabricated and without merit.

4.      On February 27, 2020, and March 10, 2020, all criminal charges against Dr. Khoraki were terminated favorably by *nolle prosequi* and dismissal.

## II.    PARTIES

5.      Plaintiff Jad Khoraki is a 30-year-old resident of Richmond, Virginia. At the time of his arrest, Dr. Khoraki was assisting in overseeing four federally funded projects at Virginia Commonwealth University's Trauma Center Research laboratory. Dr. Khoraki is a native of Syria and a naturalized United States Citizen.

6.      Defendant, Derrick Longoria, is a natural person and a citizen of the Commonwealth of Virginia. At all relevant times, Detective Longoria was a Richmond City police officer employed by the City of Richmond. He is sued in his individual capacity.

7.      Defendant, Jaime Blackmon, is a natural person and citizen of the Commonwealth of Virginia. She is a Deputy Commonwealth's Attorney for the City of Richmond and at all relevant times was employed by the Office of the Commonwealth's Attorney. She is sued in her individual capacity.

8. Defendant Josephine Wallace is the complainant of false accusations against Dr. Khoraki. She is a natural person and citizen of the Commonwealth of Virginia, residing in Chesterfield, Virginia. She is sued in her individual capacity.

### III. JURISDICTION

9. Jurisdiction exists in the case pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §§ 1983, and 28 U.S.C. §§ 1331, 1343. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. 1367 (a) because the state law claims are related to and forms the same case or controversy as Plaintiff's claims under 42 U.S.C. § 1983.

### IV. VENUE

10. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

11. Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because the events giving rise to Plaintiff's claims occurred in the City of Richmond and Chesterfield County, Virginia, which is a territory within those assigned to the Richmond Division of the Eastern District of Virginia.

### V. FACTS

12. Dr. Khoraki and Defendant Josephine Wallace met on the social dating application Tinder and engaged in a brief casual relationship from March 2019 until it ended in December 2019.

3

13. Approximately a month after the relationship ended, beginning in January 2020, Ms. Wallace made a series of false reports to the Richmond Police Department, alleging various instances of stalking and assault.

14. Ms. Wallace first claimed she had been assaulted on January 20, 2020, for which the magistrate issued a warrant on January 21, 2020.

15. Next, Ms. Wallace claimed that she had been stalked between January 23 and 25, 2020 and stalking charges were issued by magistrate on January 25, 2020.

16. Dr. Khoraki was served and arrested on the above referenced warrants on January 26, 2020. **Exhibit A**.

17. On these charges, Dr. Khoraki was released on bond.

18. Although Detective Longoria's name does not appear on the first two January warrants, he was involved in the case before the warrants were served because he called Dr. Khoraki requesting a return call on January 25, 2020, before he was arrested the next day. Dr. Khoraki saved this voicemail.

19. Apparently displeased with Dr. Khoraki's release, Ms. Wallace contacted Detective Longoria again to allege a series of more serious events that pre-dated the charges upon which Dr. Khoraki had been originally arrested. On this occasion, Ms. Wallace alleged that Dr. Khoraki assaulted her, strangled her, and threatened her with a firearm on September 15, 2019, allegations not made in her initial series of complaints of January 2020. She also added an additional stalking allegation on January 28, 2020.

20. The sequencing of events, combined with the selective disclosures of Ms. Wallace referencing events that pre-dated the first series of charges, should have prompted a more

4

cautious and skeptical approach as well as further investigation by Detective Longoria. Instead, a second set of warrants were issued.

21. On January 31, 2020, Detective Longoria obtained warrants that alleged felony strangulation, assault and battery, and brandishing a firearm on Josephine Wallace. He also secured a warrant for the January 28 stalking allegation. During this time, Ms. Wallace had also petitioned the Richmond General District Court for a protective order. **Exhibit B.**

22. As a result, Dr. Khoraki was subsequently arrested for a second time on February 6, 2020. This time he was held without bond in the Richmond City Justice Center until February 17, 2020, following a bond appeal heard on February 14, whereupon he was granted a $10,000 secured bond and ordered to be released on an electronic monitor.

23. As with the first set of warrants, Detective Longoria sought the second set of warrants with no investigation or corroboration whatsoever. This time, however, he was possessed with information that should have caused him to question the veracity of Ms. Wallace's claims.

24. The cases were initially assigned to Deputy Commonwealth's Attorney Jaime Blackmon.

25. Detective Longoria consulted with DCA Blackmon during the investigative stage of these claims. A fact corroborated by admissions during the bond appeal hearing wherein the Commonwealth referenced her discussions with Detective Longoria and the possibility of additional charges. **Exhibit C**.

26. Dr. Khoraki consistently asserted his total innocence, engaging defense counsel immediately upon receiving notice of his initial set of charges.

27. Defense counsel contacted Defendant Longoria and Defendant Blackmon in an effort to discuss the case and provide information in support of Plaintiff's innocence. Plaintiff advised that he had an alibi because he could account for his whereabouts for the dates of the alleged offenses. However, when Detective Longoria and DCA Blackmon refused to provide any details about the allegations, defense counsel elected to file a Motion for Bill of Particulars before providing the specifics of an alibi defense.

28. Upon investigation of the case, defense counsel quickly determined that Ms. Wallace had a history of making false allegations. Specifically, she had made identical false allegations against another man previously in Chesterfield County resulting in a false rape charge which was subsequently dismissed and expunged.

29. Dr. Khoraki's defense counsel communicated with Chesterfield County Assistant Commonwealth's Attorney Erin Barr and Chesterfield Police Detective King, who immediately provided information regarding Ms. Wallace's history of false allegations. Both agreed to confer with Detective Longoria and DCA Blackmon.

30. As early as February 12, 2020, defense counsel advised Defendants Blackmon and Longoria that the allegations were fabricated and provided contact information for CA Barr and Detective King. **Exhibit D.** On February 13, 2020, defense counsel provided a four-page written report from Detective King describing in detail Ms. Wallace's history of making false claims dating back to 2018. **Exhibit E.**

31. The report provided details regarding Defendant Wallace's prior false allegations against a man she met on the dating application Tinder who assaulted her, stalked her, held a gun to her head and threatened her. The report also indicated that Chesterfield Detectives

had proof that Wallace had inflicted visible injury upon herself. The disproved allegations in the report mirrored the charges pending against Plaintiff.

32. Despite these efforts by defense counsel, Det. Longoria did not respond to further attempts to communicate with him or make any effort to further investigate the charges in light of the evidence regarding Defendant Wallace's credibility.

33. On February 14, 2020, defense counsel presented the aforementioned evidence at a bond appeal hearing in Richmond Circuit Court.

34. DCA Blackmon insisted that Dr. Khoraki continue to be held without bond and even asserted that additional charges regarding this same victim may be forthcoming. This, after confirming that she had spoken to the Chesterfield Assistant Commonwealth's Attorney who had also offered to discuss her dealings with Ms. Wallace and her history of fabricating claims. **Exhibit C**.

35. Despite DCA Blackmon's opposition to bond, Dr. Khoraki was released after spending nearly two weeks and jail. His liberty was further restricted by GPS monitor until March 10, 2020.

36. For reasons unknown at this time, the case was subsequently transferred to another Assistant Commonwealth's Attorney, who immediately agreed to *nolle prosequi* the case.

37. On February 27, 2020 the Manchester Division of the Richmond General District Court, upon the Commonwealth's motion, finally dismissed by *nolle prosequi* the charges against Dr. Khoraki. The remaining charges, along with the preliminary protective order, were dismissed by the Richmond General District Court on March 10, 2020.

38. The false accusations, arrest, and incarceration traumatized Dr. Khoraki, causing irreparable harm to his personal and professional life. Dr. Khoraki suffered humiliation

7

when police officers contacted his employer, arrested him at a friend's residence, and charged him with serious violent felonies. Since his arrest, Dr. Khoraki has been treated differently by his employer and colleagues. Dr. Khoraki suffered extreme emotional distress during his wrongful arrest and incarceration. He incurred legal fees and professional and personal damage to his reputation. To date, he requires therapy and suffers from nightmares, flashbacks, extreme stress and fear.

39. Dr. Khoraki now sues Detective Longoria, Deputy Commonwealth's Attorney Blackmon, and Josephine Wallace for damages he has incurred as a result of his malicious prosecution. This claim arises out of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

## VI. **STATEMENT OF CLAIMS**

### COUNT I (Longoria and Blackmon)
### Malicious Prosecution (42 U.S.C. § 1983)

40. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

41. At all material times, Det. Longoria and DCA Blackmon acted under the color of state law as an officer of the City of Richmond Police Department and Deputy Commonwealth's Attorney for the Richmond Commonwealth's Attorney's Office respectively.

42. Dr. Khoraki has a right to be free from unreasonable seizures under the Fourth Amendment of the Constitution of the United States.

43. Det. Longoria and Josephine Wallace instituted criminal proceedings against Dr. Khoraki on January 21 and 25, 2020.

44. Upon information and belief, Det. Longoria did nothing to corroborate the allegations of Ms. Wallace.

8

45. As a result of the intentional and reckless actions of Det. Longoria, Dr. Khoraki was unlawfully seized and arrested in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process not supported by probable cause.

46. Dr. Khoraki was released on bond after he was fingerprinted and processed.

47. On or about January 31, 2020, Det. Longoria was again contacted by Ms. Wallace and advised of a series of more serious allegations that pre-dated the events for which Dr. Khoraki was arrested on January 26, 2020.

48. Upon information and belief, after consulting with DCA Blackmon, Det. Longoria instituted additional criminal proceeding against Dr. Khoraki by swearing out a second set of charges to the Richmond City Magistrate on January 31, 2020.

49. Pursuant to Det. Longoria's second criminal complaint and presentation, a Richmond City Magistrate issued warrants for felony strangulation, assault and battery, and brandishing a firearm, both class one misdemeanors. An additional stalking charge was also issued.

50. As a result, Dr. Khoraki was re-arrested on February 6, 2020, and held without bond until February 17, following a bond appeal hearing on February 14, 2020.

51. Det. Longoria acted recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki in pursuing a second set of criminal charges against Dr. Khoraki.

52. DCA Blackmon, likewise, acted recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki in consulting with Defendant Longoria,

discussing the ongoing investigation, yet failing to advise him that there was insufficient probable cause to support Wallace's allegations.

53. The facts and circumstances known to Det. Longoria and DCA Blackmon, upon which they acted, at the time the second set of charges were presented to the Richmond City Magistrate were such that a reasonable and prudent person possessed of the same facts and circumstances would not have believed Dr. Khoraki guilty, nor that probable cause existed to support a second arrest.

54. As a result of the intentional and reckless actions of Det. Longoria and DCA Blackmon, Dr. Khoraki was unlawfully seized, arrested, and jailed in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process that was not supported by probable cause.

55. That after being presented with information to corroborate the false nature of Ms. Wallace's claims, Det. Longoria failed to respond to calls and emails from another police agency and recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki, continued in his efforts to prosecute Dr. Khoraki.

56. Similarly, upon being presented with the same information, DCA Blackmon recklessly, with actual malice, and with a conscious disregard to the rights of Dr. Khoraki, persisted in the continued detention and prosecution of Dr. Khoraki.

57. Upon reading the details provided by Detective King, no reasonable person would have persisted in the prosecution of Dr. Khoraki, now possessed with confirmation that the claims which led to his arrests (at a minimum the second arrest) were instituted and continuously prosecuted without probable cause.

58. Thereafter, following the transfer of the file to another Assistant Commonwealth's Attorney, on February 27, 2020, the initial set of charges were dismissed by *nolle prosequi*, and the remaining charges were ultimately dismissed on March 20, 2020, ending the criminal proceedings in a manner favorable to Dr. Khoraki.

59. Due to the malicious prosecution of Dr. Khoraki, Dr. Khoraki's Fourth Amendment rights to be free from unlawful seizure and arrest were violated and he suffered great physical injury, emotional and mental distress, attorneys' fees and costs, inconvenience, loss of enjoyment of life, humiliation, embarrassment, mortification, shame, vilification, great personal trauma, stress, fear, worry, facing the possibility of incarceration, loss of freedom and injury to his good name and reputation.

## Count II. (Wallace)
### State Law Claim
### Intentional Infliction of Emotional Distress

60. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

61. Ms. Wallace, with the specific purpose of inflicting emotional distress upon Dr. Khoraki, fabricated false allegations to cause his arrest, detention, and prosecution.

62. That after Dr. Khoraki was released on bond following the humiliation of his first arrest, Ms. Wallace contacted Det. Longoria and/or Richmond Police, and alleged additional false allegations, of a more serious nature, that pre-dated the allegations for which he was originally arrested.

63. Ms. Wallace knew, or should have known, that the false accusations would likely result in harm to the plaintiff in multiple and various ways, to include emotional distress.

64. Ms. Wallace's conduct was so outrageous and intolerable that it offended the generally accepted standards of decency and morality.

11

65. As a result of Ms. Wallace's false, malicious, and vindictive conduct, Dr. Khoraki was arrested, deprived of his freedom, prosecuted, and did in fact suffer severe emotional distress.

### Count III. (Longoria, Blackmon, and Wallace)
### State Law Claim
### Malicious Prosecution

66. Plaintiff incorporates by reference and re-alleges the allegations set forth in the preceding paragraphs of the complaint as fully set forth herein.

67. This is a common law claim for malicious prosecution under Virginia law.

68. Upon information and belief, on January 31, 2020, Detective Longoria sought a second set of warrants, more serious in nature after speaking with Ms. Wallace and consulting with DCA Blackmon. In addition, another stalking charge was presented alleging stalking on January 28, 2020.

69. Three of the charges; felony strangulation, brandishing a firearm, and assault, pre-dated the offenses for which Dr. Khoraki was charged on January 26, 2020, by four months.

70. Upon information and belief, no one questioned Ms. Wallace as to why she failed to disclose these more serious accusations - dating back in time to September 2019 – either then or contemporaneously when she first contacted police in January 2020.

71. The first series of charges alleged stalking and assault and battery in January 2020. The second series of charges alleged strangulation, brandishing a firearm, and assault and battery more than four months prior in September 2019. Upon information and belief, neither report was investigated for corroborating evidence and warrants were obtained solely on Ms. Wallace's report.

72. Further, the second set of charges were levied after Dr. Khoraki was released on bond for the offenses presented to the magistrate that led to his arrest on January 26, 2020.

73. Det. Longoria and DCA Blackmon intentionally and maliciously instituted criminal prosecution, without probable cause, against Dr. Khoraki on January 31, 2020, in full possession of the facts asserted herein.

74. Further, after being presented with evidence that Ms. Wallace's allegations were fabricated, Det. Longoria refused to return calls or review the evidence provided. DCA Blackmon, possessed with the same evidence, refused to agree to bond, alluded to the possibility of a third set of charges, and persisted in prosecuting the case until it was transferred to another Assistant Commonwealth Attorney who resolved the case favorably for the Plaintiff.

75. All charges, each of them, were instituted by or at the behest of Josephine Wallace who knew the claims were fabricated, false, without merit, and thus unsupported by probable cause.

76. Given the facts and circumstances available to Detective Longoria and DCA Blackmon, the second set of charges resulting in Dr. Khoraki's second arrest were not supported by probable cause and should not have been presented.

77. As a direct and proximate result of Ms. Wallace's, Detective Longoria's, and DCA Blackmon's intentional, malicious, and reckless conduct, Dr. Khoraki suffered embarrassment and humiliation, loss of liberty, as well as mental and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, specifically, Defendant Longoria (Detective, Richmond City

13

Police Department), Defendant Jaime Blackmon, Deputy Commonwealth's Attorney for the City of Richmond, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), or in such greater amount to be determined by trial, costs, pre-judgment and post-judgment interest, attorneys' fees (in connection with the federal civil rights claims), punitive damages in the amount of One Million ($1,000,000.00) and grant such other and further relief that the Court may deem appropriate. Plaintiff seeks judgment in his favor an against Defendant Josephine Wallace for her intentional behavior in the amount of Three Million Dollars ($3,000,000.00), or in such greater amount to be determined by trial, costs, prejudgment, and post-judgment interest.

The claims asserted against the City of Richmond as filed in the original complaint are withdrawn.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
JAD KHORAKI

_____/s/_____

Thomas L. Johnson, Jr., VSB# 38814
johnson@bajinjurylaw.com
Christopher L. Anderson, VSB# 35173
anderson@bajinjurylaw.com
Bricker Anderson & Johnson, PC
411 East Franklin Street, Suite 504
Richmond, VA 23219
(804) 649-2304
(804) 649-3380 Fax

Miriam Airington-Fisher, VSB #78260
mairington@airingtonlaw.com
Jennifer Quezada, VSB #93716
jquezada@airingtonlaw.com
Airington Law, PLLC
The Colonanade Building
4050 Innslake Drive
Suite 190

Glen Allen, VA 20360
Telephone: (804) 774-7117
Facsimile: (804) 597-5424
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2022, the foregoing was electronically filed using the CM/ECF filing system with the Clerk of the Court, and that Notice of Electronic Filing was thereby sent to the following counsel of record:

William W. Tunner (VSB# 38358)
Rachel W. Adams (VSB# 92605)
*Thompson, McMullan PC*
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219-4140
(804) 698-6205
(804) 780-1813 (facsimile)
wtunner@t-mlaw.com
radams@t-mlaw.com
*Counsel for Jaimie Blackmon*

Mark C. Nanavati, Esq. (VSB No. 38709)
G. Christopher Jones, Esq. (VSB No. 82260)
Benjamin F. Dill, Esq. (VSB No. 93000)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
Phone: (804) 893-3866
Fax: (804) 378-2610
mnanavati@snllaw.com
cjones@snllaw.com
bdill@snllaw.com
*Counsel for Derrick Longoria*

Wirt P. Marks, Esquire (VSB# 36770)
Senior Assistant City Attorney
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Wirt.Marks@Richmondgov.com
*Counsel for the City of Richmond*

A. Russell Watson (VSB# 29406
GORDON, DODSON & ROWLETT
10303 Memory Lane, Suite 101
Chesterfield, Virginia 23832
(804) 748-8153
(804) 748-3287 (facsimile)
rwatson@gordondodson.com
*Counsel for Josephine Wallace*

By: _____/s/_____

Thomas L. Johnson, Jr., VSB# 38814
johnson@bajinjurylaw.com
Christopher L. Anderson, VSB# 35173
anderson@bajinjurylaw.com
Bricker Anderson & Johnson, PC

15

411 East Franklin Street, Suite 504
Richmond, VA 23219
(804) 649-2304
(804) 649-3380 Fax
*Counsel for Plaintiff*

Miriam Airington -Fisher, VSB #78260
mairington@airingtonlaw.com
Jennifer Quezada, VSB #93716
jquezada@airingtonlaw.com
Airington Law, PLLC
The Colonanade Building
4050 Innslake Drive
Suite 190
Glen Allen, VA 20360
Telephone: (804) 774-7117
Facsimile: (804) 597-5424
*Counsel for Plaintiff*

16